LAW OFFICE OF JAY A. NELSON
Jay A. Nelson
Admitted *pro hac vice*
637 SW Keck Drive, No. 415
McMinnville, OR 97128
Telephone: (503) 857-0873
Facsimile: (503) 419-4371
Email: jay@jayanelson.com

Attorney for Petitioner Deon D. Smalley

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| DEON D. SMALLEY, | Case No. 3:21-cv-00331-APG-CLB |
|---|---|
| Petitioner, | UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE AMENDED PETITION; DECLARATION OF COUNSEL IN SUPPORT |
| vs. | |
| WILLIAM HUTCHINGS, et al., | |
| Respondents. | (Third Request) |

1

**MOTION**

Petitioner Deon D. Smalley, by and through his counsel, respectfully moves for an extension of time until December 23, 2022 to file an amended petition for a writ of habeas corpus. The good cause for this motion is set forth in the attached declaration of counsel. As set forth therein, Respondents do not object to this request. *See* Declaration of Jay A. Nelson ("Nelson Decl.") ¶ 12. This is Mr. Smalley's third extension request.

Respectfully submitted,

DATED: October 26, 2022         LAW OFFICE OF JAY A. NELSON

*/s/ Jay A. Nelson*
JAY A. NELSON
637 SW Keck Drive, No. 415
McMinnville, OR 97128

Attorney for Petitioner Deon D. Smalley

IT IS SO ORDERED.

_____
THE HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

DATED: October 26, 2022

2

### DECLARATION OF JAY A. NELSON

I, Jay A. Nelson, declare under penalty of perjury as follows:

1. I serve as counsel to Petitioner Deon D. Smalley in the above-captioned matter. I am a member of this Court's Criminal Justice Act Appellate Panel, and am admitted in this case *pro hac vice*. Except where otherwise expressly noted, I state the following on personal knowledge and if called as a witness could testify competently thereto.

2. On March 3, 2022, I accepted appointment to represent Mr. Smalley in these 28 U.S.C. § 2254 proceedings. ECF No. 12. At that time, the Court (Jones, J.) set a deadline of June 1, 2022 for Mr. Smalley to "file an amended petition for writ of habeas corpus . . . that includes all known grounds for relief[.]" *Id.*

3. On May 31, 2022, I moved on Mr. Smalley's behalf for an extension of time until August 30, 2022 to file an amended petition. ECF No. 15. In addition, I filed a notice identifying *Christy v. Hutchings, et al.*, Case No. 2:21-cv-132-APG-BNW as potentially related to this action within the meaning of Local Rule 42-1(a). ECF No. 16.

4. On June 14, 2022, Judge Jones granted Mr. Smalley's extension request. ECF No. 17. On June 21, 2022, the Court reassigned Mr. Smalley's case from Judge Jones to this Court. ECF No. 18.

5. On August 29, 2022, the Court granted Mr. Smalley's request for an extension of time until October 28, 2022 to file his amended briefing. ECF No. 20.

6. By this motion and declaration, I respectfully request an additional two-month extension of time—to December 23, 2022—to file Mr. Smalley's amended petition.

7. As noted in Mr. Smalley's prior extension requests, this case involves Mr. Smalley's conviction by jury following a five-day trial with one other co-defendant—

Christy, *supra*—of numerous offenses, including attempted murder. A third co-defendant, Donte Woods, was also convicted after a separate five-day trial. As of this writing, I have acquired, organized, and reviewed all materials potentially relevant to Mr. Smalley's petition, including approximately 16,000 pages of state court records and 3,000 pages of federal court records.

8. In addition, I have conducted significant legal research and assessment regarding Mr. Smalley's 11 *pro se* claims (ECF No. 7), as well as other possible claims I have identified. Based on all of the foregoing work, I have made considerable progress preparing Mr. Smalley's arguments and, with the two exceptions noted below, almost entirely finalized my approach to this case.

9. First, I require additional time to complete two aspects of my investigation: one aspect likely involving travel, and another one involving my potential engagement of an expert in the near term who, if engaged, would require time to obtain CJA funding, review pertinent records, and perform the professional services requested. I believe the requested extension, if granted, will be sufficient to complete these tasks.

10. Second, I require additional time to discuss Mr. Smalley's amended briefing with him through legal telephone calls, which, regrettably, are often cumbersome and time consuming to schedule and complete.

11. Last, my professional responsibilities further support the requested extension. In addition to Mr. Smalley's case, my caseload currently includes, *inter alia*:

    a. An unusually large 28 U.S.C. § 2255 proceeding involving an 11-day jury trial and a life sentence;

    b. A large white collar direct appeal involving a 15-day jury trial;

4

      c.  Another serious direct appeal involving a three-day trial and 35-year sentence; and

      d.  Miscellaneous other representations including, *e.g.*, a complex resentencing following the vacatur of my client's life sentence, motions for the early termination of my clients' supervised release terms, a compassionate release representation, and others.

12.  I have addressed this request with Deputy Attorney General Jaimie Stilz, who informed me that Respondents do not object subject to "standard non-waiver language[,]" which I understand to mean that Respondents' lack of objection should not be construed as a waiver of any procedural defenses, nor as a concession that any amended petition will be considered timely filed, nor that equitable tolling applies.

13.  Based on the foregoing, I ask the Court to recognize the diligence and substantial need supporting this request, and to extend the time for Mr. Smalley to file an amended petition to December 23, 2022.

I declare under penalty of perjury of the laws of the United States that the forgoing is true and correct.

DATED: October 26, 2022             */s/ Jay A. Nelson*
                                                JAY A. NELSON