UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEON D. SMALLEY,<br><br>    Petitioner,<br><br>    v.<br><br>GABRIELLA NAJERA, *et al.*,<br><br>    Respondents. | Case No. 3:21-cv-00331-APG-CLB<br><br>**ORDER** |

In this habeas corpus action, the respondents filed a motion to dismiss on May 30, 2023. ECF No. 31. The petitioner, Deon D. Smalley, represented by appointed counsel, is due to file a response to the motion to dismiss by July 14, 2023. *See* ECF No. 12 (scheduling order) (45 days for response to motion to dismiss). On June 9, 2023, Smalley filed a motion for extension of time, requesting an extension of time to June 27, 2023, to respond to the motion to dismiss. ECF No. 37. I will deny that motion, as unnecessary; Smalley has until July 14, 2023, to respond to the motion to dismiss. I will also, *sua sponte*, grant Respondents 30 days to file a reply to Smalley's response to the motion to dismiss.

On May 30, 2023, Respondents filed a motion requesting leave of court to file an exhibit—their Exh. 47—under seal. ECF No. 35. The exhibit Respondents propose to file under seal is a presentence investigation report. While there is a strong presumption in favor of public access to judicial filings and courts prefer that the public retain access to them, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Presentence investigation reports contain sensitive confidential information that could be used for improper purposes. Under

Nevada law, presentence investigation reports are confidential, and are not to be made part of a public record. *See* NRS 176.156(5). In view of the state law and considering the nature of the information in this exhibit, I find that there are compelling reasons for the exhibit to be filed under seal, and I will grant this motion.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Extension of Time **(ECF No. 37) is DENIED** as unnecessary. Petitioner has until and including **July 14, 2023**, to file a response to the motion to dismiss. Respondents will then have **30 days** to file a reply to Petitioner's response to the motion to dismiss. In all other respects, the schedule for further proceedings set forth in the order entered March 3, 2022 (ECF No. 12) will remain in effect.

**IT IS FURTHER ORDERED** that Respondents' Motion for Leave to File Exhibit In Camera and Under Seal **(ECF No. 35) is GRANTED**. As the exhibit in question—Exh. 47—has already been filed under seal (ECF No. 36-1), no further action is necessary in this regard.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), Gabriella Najera is substituted for William Hutchings as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

DATED THIS 12th day of June, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE