UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEON D. SMALLEY,

 Petitioner,

v.

RONALD OLIVER, *et al.*,

 Respondents.

Case No. 3:21-cv-00331-APG-CLB

**ORDER**

 In this habeas corpus action, the respondents filed a motion to dismiss on May 30, 2023. ECF No. 31. Petitioner Deon D. Smalley, who is represented by appointed counsel, filed an opposition (ECF No. 39) and the respondents filed a reply (ECF No. 49). The respondents argue that Smalley has not exhausted his state court remedies with respect to any of the claims in his amended habeas petition in this action. I agree that Smalley's claims are all unexhausted in state court. I will grant the respondents' motion to dismiss in part and deny it in part. I will grant Smalley an opportunity to move for a stay pending his exhaustion of claims in state court. If Smalley does not make such a motion within the time allowed, I will dismiss this action.

 On January 25, 2017, Smalley was convicted in Nevada's Eighth Judicial District Court of attempted murder with the use of a deadly weapon, attempted invasion of the home with the use of a deadly weapon, attempted burglary while in possession of a firearm, battery with the use of a deadly weapon resulting in substantial bodily harm, ownership or possession of a firearm by a prohibited person, and discharge of a firearm from or within a structure or vehicle. ECF No. 32-50. He was sentenced to an aggregate total sentence of 40 years in prison with parole eligibility after 10 years. *Id*. Smalley appealed, and the Nevada Court of Appeals affirmed his conviction and sentence on June 13, 2018. ECF No. 33-29.

 On March 29, 2019, Smalley, acting *pro se*, filed a petition for writ of habeas corpus in state court. ECF Nos. 33-34, 33-35, 33-36, 33-38. In his amended habeas petition in this case

(ECF No. 30) Smalley describes, as follows, the proceedings in his state habeas action and, for purposes of this order only, I accept his description of those proceedings:

> On July 16, 2019, the trial court entered a 44-page order purportedly denying Mr. Smalley relief, denying an evidentiary hearing, and denying the appointment of habeas counsel. Ex. 59 [ECF No. 30-3, pp. 449–93]. Although the order was signed by the trial judge, it was drafted and submitted by the state, and it thus tracked the state's opposition brief virtually word-for-word. *Id.*
>
> On July 30, 2019 Mr. Smalley moved the trial court for reconsideration, arguing, *inter alia*, that it never ruled on his denial of counsel claim, *supra*. Ex. 60 at 14 [ECF No. 30-3 at 508]. The trial court did not respond to Mr. Smalley's motion. *See* Ex. 77 [ECF No. 30-4, pp. 140–52].
>
> On August 1, 2019, Mr. Smalley appealed the trial court's purported denial of his habeas corpus petition. Ex. 61 [ECF No. 30-4, pp. 6–10].
>
> \* \* \*
>
> On April 16, 2020, the Nevada Supreme Court transferred Mr. Smalley's appeal to the Nevada Court of Appeals. [Ex. 64, pp. 62–63]. On September 4, 2020, the court of appeals entered an order dismissing Mr. Smalley's appeal based on a jurisdictional defect outside of Mr. Smalley's control. Ex. 66 [ECF No. 30-4, pp. 78–80]. Specifically, the court found that the trial court never ruled on Mr. Smalley's denial of counsel claim…. *Id*. Because the trial court's "order purportedly denying Smalley's petition did not resolve all of the claims raised in the petition[,]" it did not constitute a "final order" under Nevada law, and the appellate court thus held that it lacked jurisdiction to consider Mr. Smalley's appeal. *Id*.
>
> On remand, Mr. Smalley promptly cited the appellate court's dismissal and moved, within days, for the trial court to resolve all of his claims. Ex. 67 [ECF No. 30-4, pp. 81–89].
>
> As of October 29, 2020, the trial court had taken no further action on Mr. Smalley's habeas corpus petition, so he filed another motion for reconsideration, again invoking the appellate court's dismissal order. Ex. 68 [ECF No. 30-4, pp. 90–101]; Ex. 69 [ECF No. 30-4, pp. 102–03].
>
> In tandem with these proceedings, Mr. Smalley filed a time computation habeas corpus petition—which was distinct from his substantive habeas petition but submitted on the same docket—in which he challenged the state's calculation of his sentence. Ex. 65 [ECF No. 30-4, pp. 64–77]. Pursuant to Nevada venue law, the trial court (Hon. Joe Hardy, J. [Eighth Judicial District Court]) transferred the time computation petition—and that petition only—to the Seventh Judicial District Court on November 24, 2020. Ex. 70 [ECF No. 30-4, pp. 104–06]. A judge of the Seventh Judicial District (Hon. Gary D. Fairman, J.) rejected the time computation petition on February 5, 2021. Ex. 71 [ECF No. 30-4, pp. 107–10].
>
> As of March 29, 2021, the trial court had still taken no additional action on Mr. Smalley's substantive habeas corpus petition, so Mr. Smalley filed a third motion for relief—this time framed as a motion to address the jurisdictional defect—in which he objected that his habeas "litigation [was] at a standstill." Ex. 72 [ECF No. 30-4, pp. 111–29].

> The same day, the trial court clerk set a hearing date of May 3, 2021 on Mr. Smalley's motion to address the jurisdictional defect. Ex. 73 [ECF No. 30-4, pp. 130–31]. On April 30, 2021, however, the court (Hon. Erika Ballou, J.) vacated the hearing, ordered the state to file a response by June 14, 2021, and set a new hearing date of June 30, 2021. Ex. 74 [ECF No. 30-4, pp. 132–33].
>
> June 14, 2021 came and went, but the state never filed a response as directed. Ex. 77 [ECF No. 30-4, pp. 140–52].
>
> On the scheduled hearing date of June 30, 2021, the trial court filed minutes in which it removed Mr. Smalley's case from calendar based on an erroneous determination that his substantive habeas petition had been transferred to the Seventh Judicial District Court on November 30, 2020—even though, as noted, only Mr. Smalley's time computation petition was transferred on November 24. Ex. 75 [ECF No. 30-4, pp. 134–35]; Ex. 70 [ECF No. 30-4, pp. 104–06]. On July 9, 2021, the court followed up with a written order reiterating the same inaccurate conclusion, opining that it lacked jurisdiction over Mr. Smalley's petition, and (again) vacating the hearing. Ex. 76 [ECF No. 30-4, pp. 136–39].

ECF No. 30, pp. 10–12.

A federal court generally may not grant relief on a habeas corpus claim not exhausted in state court. *See* 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present that claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

Smalley did not raise any of his current claims in state court on his direct appeal. Compare ECF No. 30 (amended petition in this action) with ECF No. 33-15 (opening brief on direct appeal). He contends, though, that he raised all his current claims in his state court habeas petition. *See* ECF No. 39, pp. 7–9.

But in his state habeas action, Smalley's claims have not been presented to any state appellate court in a manner giving the court an opportunity to address and resolve them. Smalley appealed from the denial of his state habeas petition, but that appeal was dismissed, with the Nevada Court of Appeals ruling that it lacked jurisdiction to consider the appeal because the "order purportedly denying Smalley's petition did not resolve all of the claims raised in the petition." ECF No. 34-26. The case was remanded back to the state district court, where it

apparently remains pending. The last event in the case in the Eighth Judicial District Court was an order on July 9, 2021, vacating a hearing. *See* ECF Nos. 30-4, 34-39.

Smalley argues that he should be excused from exhausting his claims in state court because the state courts have failed to rule on his state habeas petition, and because it has been over four years since he filed that petition and over three years since the Nevada Court of Appeals returned his case to the state district court. *See* ECF No. 39, pp. 2–6. Exhaustion of state court remedies may be excused if either one of two conditions is met: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Courts look to four factors in determining whether delay in a state habeas action satisfies § 2254(b)(1)(B): (1) the length of the delay; (2) the reason for the delay; (3) the petitioner's assertion of his right; and (4) prejudice to the petitioner. *Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir. 1990).

Smalley has not shown there to be an absence of an available state corrective process, or that further pursuing his state habeas action would be futile. Smalley contends that the Eighth Judicial District Court erred in stating that it had transferred his substantive habeas petition to the Seventh Judicial District Court and in vacating the hearing that was scheduled for June 30, 2021. There is, however, no indication that Smalley has ever made that argument in state court. Smalley did not move for reconsideration of the July 9, 2021 order, and he did not pursue an appeal of any kind regarding that order. Every indication in the state court record, as presented by the parties, is that Smalley's petition remains pending in the Eighth Judicial District Court. *See* ECF No. 31 at 2 (the respondents stating as much). Furthermore, while there has been a relatively long delay in the state habeas action (since July 2021), it appears that has resulted in large part because after the July 9, 2021 order issued, Smalley turned his attention to seeking habeas corpus relief in federal court and took no further action in the state court case. I recognize that Smalley has, to this point at least, proceeded *pro se* in his state habeas action, and I do not, on the record now before me, find that the inactivity in that case has been the result of any intentional or bad-faith delay on Smalley's part (or on the part of the respondents, for that

matter). However, on the record before me, Smalley has not satisfied § 2254(b)(1)(B). It appears he has an open state habeas action, in which he may be able to seek relief on his habeas claims.

Therefore, Smalley's amended habeas petition in this case is wholly unexhausted in state court. I will grant the respondents' motion to dismiss to the extent that I make that finding. I will not, however, dismiss this action at this point. Rather, I will give Smalley an opportunity to move for a stay of this action so that he may return to state court to further pursue his state habeas action and exhaust his claims.

**I THEREFORE ORDER** that the respondents' Motion to Dismiss **(ECF No. 31) is GRANTED IN PART**.

**I FURTHER ORDER** that Smalley will until **January 12, 2024** to file a motion to stay this action pending exhaustion of his claims in state court. If Smalley does not file such a motion within the time allowed, I will dismiss this action.

**I FURTHER ORDER** that, under Federal Rule of Civil Procedure 25(d), Ronald Oliver is substituted for Gabriela Najera as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

DATED THIS 12th day of December, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE